PRUDENTIAL SAVINGS AND LOAN ASSOCIATION, Plaintiff-Appellant, *v.* EUGENE NADLER *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 61299

Opinion filed March 18, 1976.—Rehearing denied April 22, 1976.

Gomberg and Sharfman, Ltd., of Chicago (Lawrence A. Gold, Robert J. Sharfman, and David L. Gomberg, of counsel), for appellant.

Eugene F. Welter, of Chicago, for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff Prudential Savings and Loan Association filed this suit in the circuit court of Cook County to collect the balance on a promissory note executed by defendants Eugene and Anne Nadler. On March 29, 1971, a judgment by confession was entered for $19,602.09. Defendants thereafter filed a motion and supporting affidavit to open the judgment and set the cause for trial. The motion was granted, additional pleadings were filed, and a jury trial was held. The jury returned a verdict in favor of defen-

dants. The trial court denied Prudential's post-trial motion and entered judgment on the verdict. Prudential appeals. Defendants originally had filed a third-party complaint against a subsequent grantee. The third-party action was dismissed during trial, and that order is not involved in this appeal.

There is little dispute as to the facts. On June 18, 1962, defendants purchased a one-half interest in improved property at 2200 Division Street in Chicago. To finance the purchase defendants borrowed $20,400 from Prudential, executed their promissory note in that amount, and secured the same with a mortgage on the Division Street property. The note was payable to Prudential in monthly installments of $172 with interest at six percent per annum. On September 15, 1965, defendants conveyed their interest in the secured property, subject to the indebtedness, to a land trust in which Francis Hannigan was beneficiary. Prudential was not a party to the transaction. Nadler testified at trial that he did not notify Prudential when he conveyed the property to Hannigan nor did he attempt to obtain a release from liability on the note. Hannigan did not pay cash to defendants at the time of the conveyance, but gave them $3,000 in 1967. After the conveyance, Hannigan assumed the payment of the note and took over management of the property. Defendants made no further payments on the debt or of taxes on the premises. In 1967, Hannigan transferred the property to Carolyn Eels. While Hannigan and Eels made some payments on the note, said payments were not regular and the loan became increasingly delinquent.

During this time the building fell into disrepair and, in 1968, the City of Chicago filed suit to have the structure demolished. Prudential did not notify defendants of the continuing default on the loan and did not advise them of the deterioration of the security property. In 1970 Carolyn Eels, by warranty deed, conveyed the property to Michael Garrippo. The loan remained in default and in 1971 Prudential instituted this action to collect the entire balance due on defendants' note.

In their affidavit in support of the motion to open the judgment, defendants stated that Prudential was advised of and consented to the sale to Hannigan as well as the subsequent conveyance to Eels. Defendants further stated that upon transfer of the real estate to Garrippo, Prudential agreed to declare a moratorium on payments of the note until May 1, 1971. Said agreement, defendants recited, was made without their knowledge or consent. Prudential denied any agreement with Garrippo that would operate to discharge defendants and affirmatively stated that it did nothing to jeopardize the security.

Defendants maintain that a suretyship relationship was created between them and subsequent grantees; that Prudential, by its action relative to subsequent purchasers, discharged these defendants from primary

liability, and that Prudential agreed to look to them solely as guarantors. Relying on the alleged moratorium agreement with Garrippo, defendants also state that Prudential materially altered the terms of the note and thereby released them from all liability.

■■■ As between the mortgagor and his grantee who assumes the payment of an encumbrance, the grantee becomes the principal debtor and the mortgagor becomes his surety. If the mortgagee is not a party to the agreement, its interest is not affected. Upon default, it may disregard the agreement and bring an action against the original debtor, or it may accept the promise made for its benefit and bring the action against the grantee. (*Tabero v. Sutkowski* (1936), 286 Ill. App. 225, 3 N.E.2d 115.) The contract rights of the mortgagee cannot be changed by any arrangement between the mortgagor and his grantee unless the mortgagee agrees to such change. The mortgagee, by its dealings with the grantee and mortgagor, may recognize the former as the principal debtor and the latter as a surety towards itself. The mortgagee, then, is bound to respect the relationship between the parties and any material alteration of the mortgage contract has the legal effect of discharging the surety and will operate to release the mortgagor. *Prudential Insurance Co. of America v. Bass* (1934), 357 Ill. 72, 191 N.E. 284.

■■ In the present case defendants failed to offer any evidence at trial that Prudential entered into a valid agreement with Garrippo or that such agreement materially altered the terms of the loan obligation. The allegations set forth by defendants in their motion to open the judgment find no support in the record and the defense therefore must be rejected.

■■ Defendants also maintain that Prudential breached its duty to exercise good faith and diligence by failing to send written notice of the delinquencies. Defendants urge that such failure constitutes negligence and caused them damage in the amount of the unpaid balance of the note. Defendants' theory is without legal basis. Although a mortgagee owes the mortgagor a duty to properly disburse the loan funds, *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill.2d 398, 312 N.E.2d 605, we have found no Illinois case requiring the mortgagee to notify the mortgagor as to the status of his account or the condition of the security property. Prudential's failure to notify defendants of the delinquency does not constitute negligence and cannot absolve defendants from liability on their note.

■■ Similarly, the theory of equitable estoppel cannot shield defendants from liability. They contend that because notice of the delinquencies were not given until the property had deteriorated, plaintiff is estopped from asserting its rights under the promissory note. One claiming the benefit of estoppel must have relied upon the actions or representations of the other party and must have no knowledge or convenient

means of knowing the true facts. (*Levin v. Civil Service Com.* (1972), 52 Ill. 2d 516, 288 N.E.2d 97.) Defendants did not notify Prudential of the conveyance of the property to Hannigan, nor did they seek to be released from liability by Prudential. Although Mr. Nadler met with Hannigan some two years after the conveyance, he made no inquiry as to the status of the loan or the condition of the property. Under these circumstances defendants may not invoke the principle of equitable estoppel to prevent Prudential from asserting its right to collect monies owed on the note.

Defendants finally urge that Prudential's appeal be dismissed for failure to file a post-trial motion within 30 days after verdict. The record discloses that judgment was entered on the verdict on August 15, 1974. On September 13, 1974, after notice to defendants, Prudential presented its motion for judgment notwithstanding verdict. The trial judge was out of town, and Judge Joseph J. Butler continued the motion to September 24. On September 24, in view of Judge Butler's action, the trial judge denied defendants' motion to terminate the proceedings on the grounds that Prudential had not filed a timely motion. Defendants subsequently filed an answer to Prudential's motion for judgment notwithstanding the verdict.

■■ The trial court correctly determined that Prudential's post-trial motion was timely made. We previously have denied defendants' motion to dismiss the appeal, and we see no reason to reconsider that ruling.

Having carefully examined the record, we find that Prudential as a matter of law proved its right to the balance due on the promissory note and that defendants failed to establish a valid defense. Under these circumstances, the trial court erred in denying Prudential's motion for judgment notwithstanding the verdict.

Accordingly, the judgment of the circuit court of Cook County is reversed, and the judgment by confession previously entered in favor of Prudential is reinstated.

Judgment reversed.

MEJDA, P.J., and McGLOON, J., concur.